FILED
2021 FEB 26 PM 12:11
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| RAYMOND M., JACQUE M., and AMANDA M.,<br><br>  Plaintiffs,<br><br>v.<br><br>BEACON HEALTH OPTIONS, INC. and CHEVRON MENTAL HEALTH AND SUBSTANCE ABUSE PLAN,<br><br>  Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION FOR AWARD OF ATTORNEY FEES AND COSTS (DOC. NO. 45)**<br><br>Case No. 2:18-cv-00048-JNP-DAO<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is a Motion for Award of Attorney Fees and Costs ("Mot.," Doc. No. 45) filed by Raymond M., Jacque M., and Amanda M. (collectively, "Plaintiffs"). For the reasons set forth below,[1] the court GRANTS the motion and ORDERS Defendant Beacon Health Options, Inc. ("BHO") to pay Plaintiffs $56,915 in attorney fees and $400 in costs.

**BACKGROUND**

Plaintiffs brought this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et. seq*. (Compl., Doc. No. 2.) Raymond was a participant in the Chevron Mental Health and Substance Abuse Plan ("the Plan"), an employee welfare benefits plan. (*Id.* ¶ 2; Mem. Decision and Order ("Order") 1, Doc. No. 44.) Amanda was a beneficiary of the Plan. (Compl. ¶ 2; Doc. No. 2.) BHO is the Plan's named fiduciary and

---

[1] Pursuant to Local Civil Rule 7-1(f), after reviewing the briefing, the court finds oral argument unnecessary. The court decides the motion on the basis of the written memoranda alone. DUCivR 7-1(f).

designated claims administrator. (Order 1, Doc. No. 44.)  In 2015, Plaintiffs sought care for

Amanda's mental health and substance abuse conditions at New Haven, a residential treatment

center ("RTC").  (*Id.* at 2, 6.)  BHO provided benefits for approximately one month of Amanda's

treatment at New Haven, from December 21, 2015 through January 18, 2016, but denied benefits

for approximately nine additional months, from January 19, 2016 to October 21, 2016.  (*Id.* at 2,

10.)  Plaintiffs appealed the denial of benefits and BHO upheld its denial determination through

two internal appeals.  (*Id.* at 8–10.)  Plaintiffs brought an action for recovery of benefits under

ERISA, alleging this denial required them to pay more than $100,000 in unreimbursed expenses.

(*Id.* at 2; Compl., Doc. No. 2.)

Both parties moved for summary judgment.  The court denied Defendants' motion while

granting in part and denying in part Plaintiffs' motion.  (Order 1, Doc. No. 44.)  The court found

BHO's denial of benefits was arbitrary and capricious.  (*Id.* at 25.)  Specifically, BHO

> (1) failed to address the medical necessity of Amanda's substance abuse treatment;
> (2) applied acute-level medical necessity criteria to evaluate whether Amanda's
> diagnoses, conditions, and symptoms warranted RTC care, which is inconsistent
> with the Plan's definition of RTC care as subacute; (3) did not offer a reasoned
> analysis that applies appropriate medical necessity criteria to Amanda's
> circumstances; and (4) failed to consider ample medical evidence in Amanda's
> record that is contrary to BHO's lack of medical necessity determination, including
> the opinions of Amanda's treating physicians.

 (*Id.* at 25–26.)  The court reversed and remanded the case to the claims administrator for

reconsideration.  (*Id.* at 47.)

In its order, the court denied Plaintiffs' request for prejudgment interest.  (*Id.* at 48.)

However, the court found an award of attorney fees and costs appropriate because Plaintiffs

succeeded on the merits in part, BHO bore culpability for failing to assess Plaintiffs' claims

properly, BHO "committed serious procedural irregularities during its claims review process,"

and its denial of benefits was arbitrary and capricious.  (*Id.* at 49.)  In addition, the court

concluded BHO could satisfy an award of fees and the award would encourage BHO to follow

ERISA's regulations and requirements.  (*Id.*)  In response to the court's order requesting it,

Plaintiffs submitted this petition for attorney fees and costs.

**LEGAL STANDARD**

When determining an award of attorney fees in ERISA cases, courts use the lodestar

method.  *Carlile v. Reliance Standard Life Ins. Co.*, No. 2:17-cv-01049, 2019 U.S. Dist. LEXIS

228481, at *1 (D. Utah Dec. 31, 2019) (unpublished) (citing *Hensley v. Eckerhart*, 461 U.S. 424,

433 (1983)).  The lodestar method consists of "the number of hours reasonably expended on the

litigation multiplied by a reasonable hourly rate."  *Id.* (internal quotation marks omitted.)  "The

reasonable hourly rate is the 'prevailing [rate] in the community for similar services by lawyers

of reasonably comparable skill, experience and reputation.'"  *Id.* at *1–2 (alteration in original)

(quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).  When determining whether an hourly

rate is reasonable, the court may consider various evidence, including affidavits of counsel, non-

party attorney affidavits, and the court's own knowledge.  *Id.* at *2.

It is counsel for the moving party's burden to establish the hours were "reasonably

expended" by providing the court with "meticulous, contemporaneous time records that reveal,

for each lawyer for whom fees are sought, all hours for which compensation is requested and

how those hours were allotted to specific tasks."  *Id.* (internal quotation marks omitted).  The

court "must ensure the attorneys exercised billing judgment."  *Id.* (internal quotation marks

omitted).  This requires counsel to "make a good faith effort to exclude from a fee request hours

that are excessive, redundant, or otherwise unnecessary."  *Richards v. C&C Sheet Metal*, No.

2:18-cv-00448, 2019 U.S. Dist. LEXIS 91859, at *7 (D. Utah May 30, 2019) (unpublished)

(quoting *Hensley*, 461 U.S. at 434). "The court must also consider the degree of the plaintiffs' success" in the case in assessing the reasonableness of the fee amount sought. *Id.* at *8.

Regarding costs, 28 U.S.C. § 1920 sets forth the items, including clerk fees, which may be recovered as costs in an ERISA action. 28 U.S.C. § 1920; *see also Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002), *as amended on denial of reh'g* (June 19, 2002). The court "has no discretion to award items as costs that are not set out in section 1920." *Sorbo v. United Parcel Service*, 432 F.3d 1169, 1179 (10th Cir. 2005) (internal quotation marks omitted).

## ANALYSIS

Plaintiffs request an award of $67,720 in attorney fees. (Mot. 2, Doc. No. 45.) This amount consists of 56.2 hours of Mr. King's work at a billable hourly rate of $600 per hour and 136 hours for his associate, Ms. Hadzikadunic, at a billable rate of $250 per hour. (*Id.* at 5.) Defendants oppose Plaintiffs' motion, arguing Mr. King's hourly rate is unreasonable, the number of hours billed is excessive, and the overall dollar amount is unjustified given Plaintiffs' limited success.[2] (Beacon Health Options, Inc. and Chevron Mental Health and Substance Abuse Plan's Brief in Opp'n to Pls.' Mot. for Award of Att'y Fees and Costs ("Opp'n") 7–8, Doc. No. 46.)

---

[2] Defendants also take issue with the court's order awarding fees, arguing the award is premature and unwarranted. (Opp'n 2–7, Doc. No. 46.) However, this issue is decided; the court has already awarded attorney fees. (Order 49, Doc. No. 44.) The only issue appropriately before the court is the amount of fees, as raised in Plaintiffs' motion. The court will not address a challenge to the substance of the order awarding fees—an issue already ruled upon—which is raised in an opposition to Plaintiffs' motion to establish the fee amount.

### I.     Billable Rate

Although both parties agree the lodestar method is the appropriate method to determine

the award of fees, they disagree as to the reasonableness of the rates used and hours billed.

Plaintiffs' counsel allege their hourly rates are within the range of rates in the national market for

ERISA attorneys of similar skills and experience.  (Mot. 3, Doc. No. 45; Ex. A to Mot., Aff. of

Brian S. King ("King Aff.") ¶ 13, Doc. No. 45-1.)  According to Plaintiffs' counsel, their hourly

rates should be based on a national standard because ERISA is a specialized practice pertaining

to federal statutes and bodies of law.  (Mot. 3, Doc. No. 45.)  Plaintiffs provide affidavits of

attorneys in other districts affirming Mr. King's $600 per hour rate is reasonable for an ERISA

attorney of his experience.  (*See* Mot. 4–5, Doc. No. 45; Exs. C–E to Mot., Doc. Nos. 45-3–45-

5.)  Plaintiffs also provide affidavits of former hourly clients of Mr. King, establishing he

previously charged and collected a rate of $600 per hour.  (Mot. 5, Doc. No. 45; Exs. F–H, Doc.

Nos. 45-6–45-8.)

Defendants counter that the reasonableness of Mr. King's hourly rate must be judged by

rates in the relevant market community, Salt Lake City, not by a national standard.  (Opp'n 8,

Doc. No. 46.)  Because the affidavits of attorneys provided by Plaintiffs are not from the relevant

market, they have no bearing, according to Defendants.  (*Id.*)  Defendants support their claim

that $600 per hour is excessive only by pointing to one affidavit provided by Mr. King where the

declarant states $600 "was a high rate," and by identifying a recent case finding $400 per hour to

be a reasonable billable rate for Mr. King.  (Opp'n 9, Doc. No. 46.)

Neither argument is persuasive.  First, the affidavit cited by Defendants is from a prior

client of Mr. King, who also happens to be an attorney.  (Ex. F to Mot., Aff. of David A. Cutt

¶ 2, Doc. No. 45-6.)  The attorney does not state he is an ERISA attorney, but he attests to the

skill and expertise required to handle ERISA claims, the specialized and difficult nature of

ERISA litigation, and the fact that few people in Utah regularly litigate ERISA claims.  (*Id.* at

¶¶ 3–4.)  Next, the cases Defendants rely upon for the argument that $400 per hour is a

reasonable fee for Mr. King are from 2019, well over a year ago.  (Opp'n 9, Doc. No. 46 (citing

*Charles W. v. Regence BlueCross BlueShield of Or.*, No. 2:17-cv-00824, 2019 U.S. Dist. LEXIS

203414, at *7 (D. Utah Nov. 21, 2019); *Foust v. Lincoln Nat'l Life Ins. Co.*, No. 2:17-cv-01208,

2019 U.S. Dist. LEXIS 202915, at *4 (D. Utah Nov. 21, 2019)).)  While these cases are

instructive, a court's determination of an hourly rate "should reflect rates in effect at the time the

fee is being established by the court, rather than those in effect at the time the services were

performed."  *Stoedter v. Gates*, 320 F. Supp. 3d 1265, 1280 (D. Utah 2018) (internal quotation

marks omitted).

     Mr. King cites cases suggesting some districts determine an award of attorney fees in

ERISA cases based on a national market.  (*See* Mot. 3–4, Doc. No. 45.)  However, this district

generally uses a relevant market analysis when determining attorney fees in ERISA cases.  *See*

*James C. v. Aetna Health & Life Ins. Co.*, No. 2:18-cv-00717, 2021 U.S. Dist. LEXIS 4216, at *3

(D. Utah Jan. 8, 2021) (unpublished); *Carlile*, 2019 U.S. Dist. LEXIS 228481, at *1; *Foust*, 2019

U.S. Dist. LEXIS 202915, at *4.  Just two months ago in this district, the *James C.* court found

$450 per hour was a reasonable hourly rate for Mr. King.  *James C.*, 2021 U.S. Dist. LEXIS

4216, at *3.  This court agrees.  While $600 per hour is excessive for the Salt Lake City market,

$400 per hour fails to account for current rates.

     Given the facts of this case, the complexity and specialized nature of ERISA litigation,

and Mr. King's extensive experience, $450 per hour is a reasonable rate for Mr. King.

Defendants do not oppose Ms. Hadzikadunic's rate, and upon review, the court finds it is reasonable.

## II.      Hours Billed

To justify the hours billed, Mr. King and Ms. Hadzikadunic provide time sheets detailing the work performed and the hours associated with this work.  (Mot. 5, Doc. No. 45; Exs. A–B to Mot., Doc. Nos. 45-1–45-2.)  Plaintiffs also justify their hours by pointing to the voluminous 3,947-page administrative record and the fact that plaintiffs in ERISA cases carry a heavy burden under the abuse of discretion standard of review.  (Pls.' Reply Mem. in Support of Mot. for Award of Att'y Fees and Costs ("Reply") 7, Doc. No. 47.)  Defendants argue the total of the hours spent is excessive because this case did not involve discovery or oral argument and the hours recorded do "not reflect Mr. King's experience in working on such motions on a regular basis or the likelihood that Ms. Hadzikadunic had at her disposal templates and memoranda for similar matters."  (Opp'n 10, Doc. No. 46.)  Notably, Defendants do not state what time entries they take issue with nor do they identify the number of hours they deem excessive.  Additionally, Defendants provide no time entries of their own for comparison purposes.

Upon review, Mr. King's time entries are reasonable.  It is not excessive to bill 56 hours over the course of almost three years, given the size of the administrative record, the complexity of ERISA litigation, and the cross motions for summary judgment.  Further, the time Mr. King spent reviewing and editing as compared to the time Ms. Hadzikadunic spent drafting and researching is reasonable.  *See Foust*, 2019 U.S. Dist. LEXIS 202915, at *6–7 (finding 24.1 hours reviewing work that took the junior attorney 75.1 hours to complete was "a reasonable amount of oversight").

Ms. Hadzikadunic's time entries are largely reasonable as well. The time record submitted raises only two issues. First, with regard to work drafting and researching the standard of review, the time entry is excessive, given the likelihood Ms. Hadzikadunic had at her disposal prior orders and motions containing these standards. (*See* Ex. B. to Mot., Aff. of Nediha Hadzikadunic, Doc. No. 45-2 (noting 6.2 hours to draft and research the standard of review section).) It is reasonable to expect she spent no more than two hours confirming and updating this portion of the brief. Next, Ms. Hadzikadunic billed 5.3 hours for drafting the motion for attorney fees and 2.1 hours for finalizing this motion and her time sheet. (*See id.*) This is excessive in light of the fact that Mr. King also billed 4.4 hours for drafting, revising and finalizing this same relatively simple and routine motion. Ms. Hadzikadunic's fees for finalizing the motion and her timesheet are reasonable, but the 5.3 hours for drafting the motion which Mr. King also drafted is excessive. For these reasons, Ms. Hadzikadunic's billing time should be reduced by 9.5 hours—4.2 hours attributed to the standard of review and 5.3 hours attributed to drafting the motion for attorney fees.

III.   **Success of Plaintiffs**

Defendants argue any award of attorney fees should be reduced "based on the limited success achieved by Plaintiffs at this point in the dispute." (Opp'n 10, Doc. No. 46.) Defendants make this claim on the grounds that the court did not reinstate benefits or award prejudgment interest. (*Id.* at 10.) On the other hand, Plaintiffs contend Defendants' argument reflects nothing more than their own characterization. (Reply 7, Doc. No. 47.) Plaintiffs argue their success on the wrongful denial claim is not diminished by the court's exercise of discretion to remand the case instead of reinstating benefits. (*Id.*)

While an award may, in some instances, be reduced based on limited success achieved, *Hensley*, 461 U.S. at 436, Defendants do not point to any cases suggesting a reduction is appropriate where an ERISA plaintiff prevails on its wrongful denial claim and the court remands to the claims administrator for reevaluation.  Indeed, under ERISA, "[a] fee claimant need not be a prevailing party to be eligible for an award of attorney's fees and costs," rather, the fee claimant only needs to achieve "some degree of success on the merits."  *Manna v. Phillips 66 Co.*, 820 F. App'x 695, 702 (10th Cir. 2020) (unpublished) (internal quotation marks omitted). When a fee claimant has prevailed "at the critical stages of the case" it is unnecessary to reduce the fee "for failure to obtain a particular type of relief."  *Atwood v. Swire Coca-Cola*, No. 2:03-cv-1014, 2007 U.S. Dist. LEXIS 20599, at *4–5 (D. Utah Mar. 22, 2007) (unpublished) (declining to reduce an award of fees where the court granted equitable relief instead of the monetary damages originally requested).

Here, Plaintiffs prevailed at the critical stage of summary judgment and the court found both that BHO bore culpability and that its denial of benefits was arbitrary and capricious. (Order 49, Doc. No. 44.)  That the court reversed and remanded in no way diminishes the significance of Plaintiffs' success on the merits, nor does it justify a reduction in the fee award, in light of the court's findings.  Accordingly, the court awards Plaintiffs $56,915 in attorney fees. This represents 56.2 hours of Mr. King's time at a rate of $450 per hour and 126.5 hours of Ms. Hadzikadunic's time at a rate of $250 per hour.

## IV.    Costs

The court also awarded Plaintiffs' costs, as permitted by 28 U.S.C. §1920.  (*Id.*) Plaintiffs seek $400 in costs, attributable to the filing fee.  (King Aff. ¶ 19, Doc. No. 45-1.) Filing fees are routinely considered a cost under 28 U.S.C. §1920.  *See, e.g., Morrison v. Express*

*Recovery Servs.*, No. 1:17-cv-00051, 2020 U.S. Dist. LEXIS 119995, at *16–19 (D. Utah July 7, 2020) (unpublished); *Vivint, Inc. v. Bailie*, No. 2:15-cv-00685, 2018 U.S. Dist. LEXIS 16764, at *8 (D. Utah Jan. 31, 2018) (unpublished).  Accordingly the court awards Plaintiffs $400 in filing fees.

### CONCLUSION

The court GRANTS IN PART and DENIES IN PART Plaintiffs' motion.  The court reduces Plaintiffs' requested award for attorney fees and ORDERS Defendants to pay Plaintiffs $56,915 in attorney fees and $400 in costs.

DATED this 26th day of February, 2021.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge